UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KELLY BENDER,

        Plaintiff,

  v.

NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

CASE NO. 3:17-CV-05920-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Kelly Bender filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to give specific and legitimate reasons to reject evidence from Plaintiff's treating physician, Dr. Lisa Doherty, M.D. Had the ALJ properly considered Dr. Doherty's

medical opinion, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On April 24, 2014, Plaintiff filed an application for DIB, alleging disability as of January 24, 2013. *See* Dkt. 6, Administrative Record ("AR") 18. The application was denied upon initial administrative review and on reconsideration. *See* AR 18. ALJ Steve Lynch held a hearing on June 22, 2016. AR 38-66. In a decision dated October 13, 2016, the ALJ determined Plaintiff to be not disabled. AR 18-30. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to provide specific and legitimate reasons to reject medical opinion evidence from Dr. Doherty; (2) failing to provide germane reasons to discount opinion evidence from Dr. Kim Buswell, D.C., Mr. Brent Francisco, M.N., A.R.N.P., P.M.H.N.P., and Mr. Rich Dillman, L.M.H.C.; and (3) giving improper reasons to discount lay witness testimony and Plaintiff's subjective symptom testimony. Dkt. 11, pp. 3-17. Plaintiff argues that as a result of these errors, an award of benefits is warranted. *Id.*

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.  Whether the ALJ properly considered the medical opinion evidence from Dr. Doherty.**

Plaintiff first argues the ALJ failed to provide specific and legitimate reasons for discounting medical opinion evidence from Dr. Doherty, Plaintiff's treating physician. Dkt. 11, pp. 1, 3-6.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Doherty is Plaintiff's treating physician. *See, e.g.*, AR 356, 361, 380, 389, 513-16 (treatment notes). On March 10, 2015, Dr. Doherty provided her opinion about Plaintiff's physical abilities on a "Physical Capacities Evaluation" form. AR 411-12. Dr. Doherty opined Plaintiff could sit for one half-hour at a time – for a total of four hours in an eight-hour work day – and stand and/or walk for one-half hour at a time – for a total of four-hours in an eight-hour work day. AR 411. Furthermore, Dr. Doherty wrote Plaintiff could lift and carry up to five

pounds frequently, and lift and carry between six and twenty pounds occasionally, but could never lift more than 21 pounds. AR 411. Dr. Doherty also determined that while Plaintiff was capable of simple grasping, pushing and pulling, and fine manipulation with his hands, Plaintiff could not use his feet for repetitive movements in operating foot controls. AR 411.

In addition, Dr. Doherty opined Plaintiff could never bend, squat, crawl, or climb, and was limited to occasionally lifting above shoulder level. AR 412. Dr. Doherty moreover found Plaintiff totally restricted in his ability to work at unprotected heights, mildly restricted in his ability to be around moving machinery, mildly restricted in his ability to drive automotive equipment, and moderately restricted in his ability to be exposed to dust, fumes, and gases. AR 412.

In all, Dr. Doherty wrote Plaintiff's restrictions are "based on his asthma [and] chronic neck pain." AR 412. She also wrote Plaintiff's "physical limitations are further compounded by his significant anxiety and depression and the medications used to control them." AR 412. Dr. Doherty opined Plaintiff would miss more than four days of work per month due to his conditions. AR 412.

On May 2, 2016, approximately one year after providing her opinion on the Physical Capacities Evaluation form, Dr. Doherty wrote that her previous opinion was still an accurate assessment of Plaintiff's current functioning. AR 423.

With respect to Dr. Doherty's opinions, the ALJ wrote:

> The impairment questionnaires completed by Dr. Lisa Doherty are given some weigh[t] as to limiting the claimant to the light exertional level and standing/walking 4 hours in an 8-hour day; however, the postural limitations are inconsistent with the claimant's reports of regular exercise, bike riding, wood and leather working, and gardening as well as evince [sic] of a supple neck and adequate pain control.

AR 28 (internal citations omitted). Thus, the ALJ accepted Dr. Doherty's opinion that Plaintiff was limited to the light exertional level and standing and/or walking up to four hours in an eight hour day, but rejected Dr. Doherty's opined "postural limitations." AR 28. The ALJ did not discuss any other specific findings by Dr. Doherty. *See* AR 28.

The ALJ's consideration of Dr. Doherty's opinion contained error in three ways. First, the ALJ's reasons for discounting Plaintiff's postural limitations[1] were not supported by substantial evidence in the record. An ALJ may discount a physician's findings if those findings are inconsistent with a plaintiff's daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Furthermore, an ALJ may discount a doctor's opinion that is inadequately supported "by the record as a whole." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Regardless, an ALJ's reasoning must be supported by substantial evidence in the record as a whole. *Bayliss*, 427 F.3d at 1214 n.1.

In this case, the ALJ rejected Dr. Doherty's opinion regarding Plaintiff's "postural limitations" because he found Plaintiff's reports of "regular exercise, bike riding, wood and leather working, and gardening" contradicted these limitations. AR 28. To support his assertion, the ALJ cited a report in which Plaintiff told a consultative examiner that his daily activities included watering the garden, leather working, and wood working. *See* AR 28, 570. However, the report the ALJ cited does not state what is required of Plaintiff when he engages in these activities; for instance, the report does not state whether Plaintiff bends, squats, crawls, or climbs when watering the garden, leather working, or wood working. *See* AR 570. The Court also notes

---

[1] Postural limitations refer to limitations such as climbing, balancing, kneeling, crouching, and crawling. Social Security Rule ("SSR") 96-9p, 1996 WL 374185, at *7 (July 2, 1996). Hence, in this case, the ALJ appeared to be discounting Dr. Doherty's opinion that Plaintiff can never bend, squat, crawl, or climb in light of Plaintiff's activities and the medical evidence. *See* AR 28, 412. It is unclear whether the ALJ's use of "postural limitations" was intended to include other limitations from Dr. Doherty (e.g., that Plaintiff can sit for up to one half hour at a time).

the nature of these activities may not necessarily require Plaintiff to bend, squat, crawl, or climb. In addition, the report the ALJ cited does not contain any reports of Plaintiff exercising or bike riding. *See* AR 564-73. Therefore, the ALJ's statement that Plaintiff's daily activities contradicted the opined postural limitations was not supported by substantial evidence in the record.

Likewise, the ALJ claimed Dr. Doherty's opined postural limitations were inconsistent with record evidence showing "adequate pain control." AR 28. Yet the most recent treatment notes contained chiropractic treatments for back pain, in which Plaintiff reported pain levels of 6 and 7. *See, e.g.*, AR 487, 536, 543, 546-47, 548, 549. Therefore, the ALJ's statement that Plaintiff's pain control was "adequate" was not a specific and legitimate reason to reject Dr. Doherty's opinion, as it was not supported by substantial evidence in the record as a whole.

Second, the ALJ's reasoning for rejecting Dr. Doherty's opined postural limitations was vague and conclusory. An ALJ cannot use a conclusory statement to reject a doctor's findings; instead, the ALJ must state his interpretations and explain why they, rather than the doctors' interpretations, are correct. *See Embrey*, 849 F.2d at 421-22.

Here, the ALJ discounted the postural limitations Dr. Doherty opined because they were "inconsistent with" Plaintiff's reported activities and the medical evidence. AR 28. But the ALJ failed to explain how the cited activities or medical evidence specifically contradict Dr. Doherty's opinion. *See* AR 28. For example, the ALJ did not explain how Plaintiff's wood working or leather working shows he can bend, squat, crawl, or climb. *See* AR 28. Similarly, the ALJ did not explain how evidence of a "supple neck" or "adequate pain control" shows Plaintiff can bend, squat, crawl, or climb. *See* AR 28. Because the ALJ failed to explain how these activities and medical evidence contradict Dr. Doherty's opined postural limitations, this was not

a not specific, legitimate reason, supported by substantial evidence, to reject Dr. Doherty's opinion. *See Embrey*, 849 F.2d at 422 (an ALJ cannot merely state facts he claims "point toward an adverse conclusion and make[] no effort to relate any of these objective factors to any of the specific medical opinions and findings [he] rejects").

The Court furthermore notes that in discounting Dr. Doherty's opinion – as well as other medical opinions – for being inconsistent with the record, the ALJ cited entire exhibits in the Administrative Record without citing particular pages. For instance, in discounting Dr. Doherty's opinion, the ALJ cited Exhibit 17F, which spans 137 pages and contains several treatment notes. *See* AR 28, 426-562, 564-73. As such, it is difficult for the Court to ascertain which treatment notes or particular findings the ALJ intended to cite. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Third, the ALJ's consideration of Dr. Doherty's opinion contained error because the ALJ failed to explain his analysis of all of Dr. Doherty's opined limitations. The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571. Furthermore, an RFC must take into account all of an individual's limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Thus, an ALJ errs when he

provides an incomplete RFC ignoring "significant and probative evidence." *Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)).

In this case, the ALJ specifically discussed his consideration of Dr. Doherty's opinion that Plaintiff can perform light level work and stand and/or walk up to four hours in an eight-hour work day. AR 28. The ALJ also specifically discussed his consideration of the "postural limitations" Dr. Doherty opined. AR 28. While the ALJ presumably used the phrase "postural limitations" to reference Dr. Doherty's opinion that Plaintiff cannot bend, squat, crawl, or climb, it is unclear whether the ALJ intended this phrase to include the lifting, carrying, and feet movement restrictions to which Dr. Doherty opined. Furthermore, the ALJ did not discuss other findings from Dr. Doherty, such as his opinion that Plaintiff could sit for up to one half-hour at a time and up to four hours total in an eight-hour workday; had restrictions in his ability to work at unprotected heights, be around moving machinery, drive automotive equipment, and be exposed to dust, fumes, and gases; and would be absent from work more than four days per month. *Compare* AR 28 (ALJ treatment of Dr. Doherty's opinion) *with* AR 411-12 (Dr. Doherty's opinion).

Because the ALJ specifically discussed some of the limitations from Dr. Doherty, but did not expressly discuss all of the opined limitations, it is unclear whether the ALJ intended to discount the limitations he did not discuss. Accordingly, the Court cannot determine whether the ALJ properly considered these findings. The ALJ therefore erred by failing to explain his treatment of all of the significant probative evidence from Dr. Doherty. *See Flores*, 49 F.3d at 571 (an ALJ's written decision must state reasons for disregarding significant probative evidence).

1 | For the above stated reasons, the ALJ failed to provide any specific, legitimate reason, supported by substantial evidence, to reject Dr. Doherty's opinion. Therefore, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, had the ALJ properly considered Dr. Doherty opinion, the RFC and hypothetical questions posed to the vocational expert ("VE") may have contained additional limitations. For example, the RFC and hypothetical questions may have reflected that Plaintiff can lift and carry up to five pounds frequently, and between six and twenty pounds occasionally. The RFC and hypothetical questions may have also reflected that Plaintiff cannot use his feet for repetitive movements in operating foot controls, and can only occasionally lift above shoulder level. In addition, the ALJ may have included in the RFC and hypothetical questions that Plaintiff would miss more than four days of work per month due to his impairments. The RFC and hypothetical questions the ALJ relied upon did not contain these limitations, nor did they contain several other limitations opined to by Dr. Doherty. *See* AR 22, 61-64. If limitations reflecting Dr. Doherty's findings were included in the RFC and the hypothetical questions posed to the VE, the ultimate disability determination may have changed. Accordingly, the ALJ's

failure to properly consider Dr. Doherty's opinion was not harmless and requires reversal. *See Molina*, 674 F.3d at 1117 (an error is not harmless if it "alters the outcome of the case").

**II.     Whether the ALJ properly considered "other" medical source evidence, the lay witness testimony, and Plaintiff's subjective symptom testimony.**

Next, Plaintiff contends the ALJ failed to provide germane reasons to reject opinion evidence from "other" medical sources Dr. Buswell, Mr. Francisco, and Mr. Dillman.[2] Dkt. 11, pp. 6-12. Plaintiff also argues the ALJ failed to provide sufficient reasons to discount the lay witness testimony and Plaintiff's subjective symptom testimony. *Id.* at 12-17.

The Court has determined the ALJ committed harmful error in assessing Dr. Doherty's opinion and as such, this case must be remanded for further consideration. *See* Section I., *supra*. Because reconsideration of Dr. Doherty's opinion may impact the ALJ's treatment of the evidence from Dr. Buswell, Mr. Francisco, Mr. Dillman, and the testimony from the lay witnesses and Plaintiff, the Court declines to consider whether the ALJ committed harmful error on these sources. Rather, the Court directs the ALJ to reassess this evidence and testimony as necessary on remand, in light of his treatment of Dr. Doherty.

**III.    Whether an award of benefits is warranted.**

Lastly, Plaintiff maintains that as a result of the ALJ's errors, the Court should grant an award of benefits. *See* Dkt. 11.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations

---

[2] The ALJ refers to the evidence from Mr. Rich Dillman as being from "Richard Tillman." AR 27. The Court presumes this was a typographical error and the ALJ intended to write "Dillman."

omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

Here, the Court has determined the ALJ committed harmful error in assessing Dr. Doherty's medical opinion. *See* Section I., *supra*. The Court has also directed the ALJ to reconsider other medical opinion evidence, the lay witness testimony, and Plaintiff's subjective symptom testimony in light of the ALJ's reconsideration of Dr. Doherty's opinion. *See* Section II., *supra*. Therefore, because outstanding issues remain regarding the medical evidence, the lay witness testimony, Plaintiff's testimony, the RFC, and Plaintiff's ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 10th day of May, 2018.

David W. Christel
United States Magistrate Judge